**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Genie Eiter, et al., | No. CV-20-00552-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Wright Medical Technology Incorporated, | |
| Defendant. | |

Pending before the Court is Defendant Wright Medical Technology Incorporated's Motion for Summary Judgment (Doc. 36).[1] Plaintiffs Genie Eiter and Robert Eiter have filed a Response in Opposition (Doc. 39),[2] and Defendant filed a Reply (Doc. 43). For the following reasons, the Court grants Defendant's Motion.

**I.   Background**

As alleged, Mrs. Eiter's hip was replaced with products sold by Defendant. (Doc. 1 at ¶ 128). The products, she alleges, are defective and caused serious injury. (*Id.* at ¶ 133). Defendant now seeks partial summary judgment on three of Plaintiffs' claims: Count I as it relates to negligent failure to warn, Count III alleging strict liability for failure to

---

[1] Defendant requested oral argument on this matter. The Court finds that the issues have been fully briefed and oral argument will not aid the Court's decision. Therefore, the Court will deny the request for oral argument. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearings); LRCiv 7.2(f) (same).

[2] Plaintiffs have also filed a Motion to Seal (Doc. 40), which seeks to seal certain exhibits to its Response. The Court denies the Motion because it makes no argument that there are compelling reasons or good cause to grant it. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

warn, and Count IV seeking punitive damages. (Doc. 36 at 2).

## II. Legal Standard

A court will grant summary judgment if the movant shows there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A factual dispute is genuine when a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Here, a court does not weigh evidence to discern the truth of the matter; it only determines whether there is a genuine issue for trial. *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1131 (9th Cir. 1994). A fact is material when identified as such by substantive law. *Anderson*, 477 U.S. at 248. Only facts that might affect the outcome of a suit under the governing law can preclude an entry of summary judgment. *Id.*

The moving party bears the initial burden of identifying portions of the record, including pleadings, depositions, answers to interrogatories, admissions, and affidavits, that show there is no genuine factual dispute. *Celotex*, 477 U.S. at 323. Once shown, the burden shifts to the non-moving party, which must sufficiently establish the existence of a genuine dispute as to any material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986). The evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. But if the non-movant identifies "evidence [that] is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted).

## III. Discussion

### a. The Firestone Affidavit

Before addressing the particular claims, the Court considers Defendant's argument that the affidavit of Plaintiff's orthopedic surgeon, Dr. Theodore Firestone, M.D. is a "sham" and should be discarded because the affidavit contradicts statements that he made in his deposition. (Doc. 43 at 3). The Court declines to find that the affidavit is a sham.

The "sham affidavit" rule is that, generally, "a party cannot create an issue of fact

by an affidavit contradicting his prior deposition testimony." *Nelson v. City of Davis*, 571 F.3d 924, 927 (9th Cir. 2009) (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991)). The rule prevents parties who have been deposed at length from conjuring factual disputes simply by producing an affidavit that directly contradicts their depositions, thus creating a "sham" factual dispute. *Id.* The Ninth Circuit and others have cautioned district courts in applying this rule. *Id.* at 928 ("[T]his rule has its limits.").

Defendant argues that Dr. Firestone's affidavit contradicts two parts of his prior deposition testimony: conversations he had with Defendant's employees, and his review of the Instruction for Use ("IFU") for the medical device. But Dr. Firestone's statements are not contradictory. First, during his deposition, Dr. Firestone opined that the only conversations he remembered with Defendant's employees "was that the Class A metal head was very hard, and it would wear less than other metal-on metal implants." (Doc. 39-3 at 33). In his affidavit, Dr. Firestone states he had discussions during which he was told "A-Class femoral heads [generate] much less wear compared to other . . . systems." (Doc. 39-2 at 6). Second, his deposition states that he did not "remember looking" at the IFU and that he "can't really comment" on what role the IFU played in his performance of the operation. (Doc. 36-4 at 14–15). His Affidavit states that he does "not have a specific recollection of reading the IFU contained in the boxes for the components specifically in Mrs. Eiter's index surgery . . . ." (Doc. 39-2 at 7). Because the statements made in his depositions do not contradict the affidavit, the Court will not disregard the affidavit as a sham.

### b. Failure to Warn – Negligence and Strict Liability

The Court turns to Plaintiffs' claims for failure to warn under theories of negligence and strict liability, which are found in part of Count I[3] and in all of Count III. (Doc. 1 at 35, 40). "Manufacturers generally have a duty to warn consumers of foreseeable risks of harm from using their products." *Watts v. Medicis Pharm. Corp.*, 365 P.3d 944, 949 (Ariz. 2016). This applies equally to failure to warn claims based in strict liability or negligence.

---

[3] The other part of Count I is a claim for negligent design. (Doc. 1 at 35).

*Conklin v. Medtronic, Inc.*, 431 P.3d 571, 577 (Ariz. 2018).  A manufacturer may fulfill this duty to the consumer by providing a "complete, accurate, and appropriate warning" to a learned intermediary, such as the consumer's doctor.  *Watts*, 365 P.3d at 949.

For failure to warn claims arising out of negligence and strict liability, courts have held that a plaintiff must show that the defendant's acts or omissions are the proximate cause of the plaintiff's injury.  *Golonka v. Gen. Motors Corp.*, 65 P.3d 956, 965 (Ariz. Ct. App. 2003); *Gebhardt v. Mentor Corp.*, 191 F.R.D. 180, 184 (D. Ariz. 1999), *aff'd*, 15 F. App'x 540 (9th Cir. 2001).  In other words, the plaintiff must show that if a proper warning had been issued, the plaintiff would have avoided the injury.  *See Golonka*, 65 P.3d at 965.  With respect to strict liability failure to warn claims in particular, a plaintiff is entitled to a presumption that the injury would have been avoided with an adequate warning.  *Id.* at 696.  But a defendant can rebut this presumption with evidence showing that the injured party would not have heeded an adequate warning.  *Id.* at 971.  If rebutted, the plaintiff is then burdened with showing proximate causation.  *Id.*

Here, Defendant argues that Plaintiffs cannot show they would have avoided an injury had a different warning been issued because (1) Dr. Firestone did not read the IFU and (2) Dr. Firestone was already aware of the risks posed by metal debris.  For support, Defendant cites to Dr. Firestone's deposition stating that he did not recall having read the IFU, and stating that he was aware of the risk posed by "loosening of the components that can result from increased production of wear particles and damage to the bone." (Doc. 36-4 at 14–16).  This suffices to rebut the presumption that Plaintiffs would have heeded an adequate warning.

First, Plaintiffs produce no evidence showing that Dr. Firestone read the IFU. Instead, Plaintiffs argue that Dr. Firestone does not remember having read the IFU and that he has since reviewed it and found it lacking. (Doc. 39 at 13).  The Court finds this showing fails to create a genuine dispute of material facts that Plaintiffs would have acted differently had there been a different warning.  Several other courts in this District, having also found no genuine dispute of fact about whether a doctor read a manufacturer's warning, granted

summary judgment in Defendant's favor on failure to warn claims. *See Greg Oester, et al., Plaintiffs, v. Wright Med. Tech., Inc., Defendant.*, 2021 WL 3742439, at *6 (D. Ariz. Aug. 24, 2021) (entering summary judgment in Defendant's favor for a failure to warn claim when it was "not a disputed fact that Dr. Firestone did not read the warning that came with the implant"); *Paseka v. Ethicon Inc.*, 2020 WL 8175427, at *4 (D. Ariz. Nov. 9, 2020).

Furthermore, Plaintiffs produce no evidence to show that Dr. Firestone was not already aware of the risks that are alleged to have caused Plaintiff's injury. Dr. Firestone's affidavit misleadingly states that, at the time of Mrs. Eiter's surgery, he was not aware of "the Conserve hip implant failures due to adverse tissue reactions" to metal debris. (Doc. 39-2 at 9). But his deposition clarifies that he was "[o]f course" aware of the risks posed by metal debris. (Doc. 36-4 at 16). Although Dr. Firestone may not have been aware of the particular failures with Defendant's product, the Conserve hip implant, he was aware generally of the risks that such products presented. As such, there is no evidence showing that a specific warning about the risks that Dr. Firestone already recognized would have changed his decision to use Defendant's products.

Having failed to genuinely dispute that Plaintiffs would have avoided their injury had a different warning been provided, the Court will enter summary judgment in Defendant's favor for the failure to warn claims sounding in negligence and strict liability.

**c.  Punitive Damages**

Next, Defendant argues it is also entitled to summary judgment in its favor to the extent Plaintiffs seek punitive damages for their defective design claims.[4]  "Punitive damages may be appropriate when evidence shows that a defendant consciously and deliberately 'acted with an evil mind' and such action caused tortious harm as a result."

---

[4] Because the Court has already found that Defendant is entitled to summary judgment in its favor for the failure to warn claims, punitive damages are not available for those claims. In addition, the only other claim, a claim for loss of consortium, is a derivative claim and requires a showing of each of the underlying claim's elements. *See Martin v. Staheli*, 457 P.3d 53, 58 (Ariz. Ct. App. 2019). Because the Court finds no punitive damages may be considered for the defective design claims, it necessarily follows that punitive damages are not available for the loss of consortium claim.

- 5 -

*Felipe v. Theme Tech Corp.*, 334 P.3d 210, 218 (Ariz. Ct. App. 2014). The evil mind is a higher standard than "gross negligence or mere reckless disregard of the circumstances." *Volz v. Coleman Co.*, 748 P.2d 1191, 1194 (Ariz. 1987) (en banc). To evaluate whether a defendant acted with an evil mind, courts consider "the nature of the defendant's conduct, including the reprehensibility of the conduct and the severity of the harm likely to result, as well as the harm that has occurred[,] ... [t]he duration of the misconduct, the degree of defendant's awareness of the harm or risk of harm, and any concealment of it." *Thompson v. Better-Bilt Aluminum Prod. Co.*, 832 P.2d 203, 209 (Ariz. 1992) (en banc) (quoting *Hawkins v. Allstate Ins. Co.*, 733 P.2d 1073, 1080 (Ariz. 1987)).

Plaintiffs argue that that Defendant's knowledge of a defective product and its decision to continue selling the product create a genuine dispute as to whether punitive damages are available. (Doc. 39 at 16 n.4). The Court, however, finds that such evidence is legally insufficient to warrant punitive damages. In *Volz*, the court held punitive damages were "not justified" against a company that knew of a defect in its product and continued to sell the stove for two decades. *Id.* at 1195. The defect in question was a potentially dangerous valve that could spray fuel if used incorrectly. *Id.* The company did not put a warning on the stove regarding this potential danger "because 'common sense' would indicate" that the stove should not be used in such a way that would cause fuel to spray from the stove. *Id.* at 1194. The court concluded that the "fact that a manufacturer continues to market a product is not in itself enough to show the evil mind necessary for punitive damages." 748 P.2d at 1194.

Here, the evidence Plaintiffs present is similar to what was presented in *Volz*. Defendant knew of its product's risks and continued to produce it. This however is insufficient, as a matter of law, to warrant punitive damages. Although Plaintiffs argue that a jury could infer an evil mind from the fact that Defendant continued to sell its product despite knowing the associated risks, such knowledge only deserves punitive damages when the risks would incur "inevitable or highly probable harm . . . ." *Thompson*, 832 P.2d at 210 (quoting *Gurule v. Illinois Mut. Life & Cas. Co.*, 734 P.2d 85, 87 (Ariz. 1987)).

Plaintiffs cite no evidence that the harm was highly probable or inevitable. Therefore, the Court concludes that there is no genuine dispute of fact regarding punitive damages, and it will grant Defendant's request for judgment in its favor.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Seal (Doc. 40) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. 36) is **granted**. Plaintiffs' failure to warn claims in Counts I and III, and the punitive damages claim in Count V are hereby **dismissed**. Count I for negligent design defect, Count II for strict liability design defect, and Count IV for loss of consortium, remain.

**IT IS FURTHER ORDERED** there being no just reason for delay, the Clerk of Court shall enter judgment in Defendant's favor on Plaintiffs' failure to warn claims in Counts I and III and the punitive damages claim in Count V. *See* Fed. R. Civ. P. 54(b).

**IT IS FINALLY ORDERED** that the Court having resolved the only dispositive motion, the parties shall comply with Paragraph ten of the Rule 16 Scheduling Order with respect to notice of readiness for pretrial conference. (Doc. 16 at 7–8).

Dated this 6th day of September, 2022.

Honorable Diane J. Humetewa
United States District Judge